IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21153
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

THOMAS EDWARD HALEY,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-120
- - - - - - - - - - -
October 23, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Thomas Edward Haley appeals his sentence after pleading

guilty to possession of a firearm by a felon, 18 U.S.C.

§ 922(g)(1).  Haley argues that he was not convicted of a crime

punishable by a term of imprisonment exceeding one year because

the state dropped the enhancement charges and convicted him of an

offense that had a maximum sentence of not more than one year.

He contends that he thus did not have a prior violent felony

conviction that was punishable by a term of imprisonment in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

excess of one year as required by U.S.S.G. § 2K2.1(a)(4)(A) and as defined in § 4B1.2, comment. (n.3). "`Prior felony conviction' means a prior adult federal or state conviction for an offense **punishable** by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." § 4B1.2, comment.(n.3) (emphasis added). Haley's prior conviction was for the offense of retaliation, a felony in the third degree punishable by imprisonment for a term of 2-10 years. The district court properly assessed Haley's base offense level at 20.

Haley argues that he did not have a prior felony conviction under § 2K2.1(a)(4)(A) because his conviction for retaliation was after the commission of the firearms offense. Haley's argument is foreclosed by United States v. Gooden, 116 F.3d 721, 724-25 (5th Cir. 1997), in which this court held that if the sentence for the prior conviction is imposed prior to sentencing on the firearms offense such that it qualifies for criminal history points, it constitutes a "prior felony conviction" for purposes of determining the base offense level under § 2K2.1(a)(4)(A).

AFFIRMED.